■ ALVERTA LYNCH et al., Respondents, v. JAMES J. DILLON et al., Appellants.— Defendants appeal from so much of a judgment and order (one paper) of the Supreme Court, Richmond County, dated February 1, 1967, as set aside the jury verdict insofar as it was against plaintiff Alverta Lynch as contrary to the weight of the credible evidence and as to said plaintiff granted a new trial and severed the action. Judgment and order reversed insofar as appealed from, without costs; jury verdict as to said plaintiff reinstated; and case remitted to Trial Term for the entry of an amended judgment in accordance herewith. Plaintiff Alverta Lynch was a passenger in an automobile being driven by her husband coplaintiff, Frank Lynch, when it collided with another vehicle driven by defendant James Dillon, Jr. at an intersection. The intersection was controlled as to the Lynches by a "Yield" sign. The jury returned a defendants' verdict as to both plaintiffs and the learned Trial Justice set the verdict aside only insofar as it was against Mrs. Lynch. We find that that determination is not supportable for the reason that the jury was given sharply drawn issues of fact and credibility, resolution of which could have supported a finding of negligence on the part of Mr. Lynch only. Under such circumstances, it may not be said that the evidence preponderates so greatly in favor of Mrs. Lynch's case that the jury could not have reached its conclusion in her case on any fair interpretation of the evidence (see, *Olsen* v. *Chase Manhattan Bank*, 10 A D 2d 539, affd. 9 N Y 2d 829). Christ, Acting P. J., Hopkins, Benjamin and Munder, JJ., concur; Martuscello, J., dissents and votes to affirm the judgment and order insofar as appealed from.

■ CATHY MALVASIO, an Infant, by Her Guardian ad Litem, ANGELO MALVASIO, et al., Respondents, v. ROE LANDERS et al., Appellants.— Judgment of the Supreme Court, Queens County, dated April 24, 1967, reversed, on the law and the facts, and new trial granted, with costs to defendants to abide the event, unless within 20 days of the entry of the order hereon a written stipulation on behalf of the infant plaintiff be served and filed in the office of the Clerk of the County of Queens consenting to reduce the verdict in her favor to $50,000 and to the entry of an amended judgment in accordance therewith, in which event judgment, as so reduced and amended, is affirmed, without costs. In our opinion, the award of $95,000 to the infant plaintiff was excessive in light of the nature of her injuries. Whatever the nature of the permanent brain damage, it in no way impaired her physical activity. Christ, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.